UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED SPECIALTY INSURANCE
COMPANY
550 Polaris Parkway, Suite 300
Westerville, Ohio 43082,　　　　　　　　　　**COMPLAINT**

　　　　　　　　　　Plaintiff,　　　　Civil Action No.:

vs.

5520 13TH AVE LLC
1303 53rd Street
Brooklyn, New York 11219;

J&G GENERAL CONTRACTING, INC.
101-15 120th Street
South Richmond Hill, New York 11419; and

RAFAEL ASUNCION
1900 Grand Concourse
Bronx, New York 10457,

　　　　　　　　　　Defendants.
_____

　　　　Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, by and through its attorneys, HURWITZ & FINE, P.C., as and for its Complaint herein, alleges, upon information and belief, as follows:

　　　　1.　　Now and at all times hereinafter mentioned, Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, was and still is incorporated in the State of Delaware with its principal place of business in the State of Texas, and issues insurance policies under the laws of the State of New York.

　　　　2.　　Upon information and belief, now and at all times hereinafter mentioned, Defendant, 5520 13TH AVE LLC ("5520"), was and still is an limited liability company

1

domiciled in the State of New York, and having its principal place of business located at 1303 53rd Street in Brooklyn, New York. Upon information and belief, all of the members of 5520 are domiciled in the State of New York.

3. Upon information and belief, now and at all times hereinafter mentioned, Defendant, J&G GENERAL CONTRACTING, INC. ("J&G"), was and still is an incorporated business entity domiciled in the State of New York, and having its principal place of business located at 101-15 120th Street in South Richmond Hill, New York.

4. Upon information and belief, now and at all times hereinafter mentioned, Defendant, RAFAEL ASUNCION ("ASUNCION"), was and is a resident of the State of New York.

5. The amount in controversy exclusive of interests and costs, exceeds Seventy-five Thousand and 00/100 Dollars ($75,000.00).

6. The District Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), based upon the parties' diversity of citizenship, and its monetary threshold.

7. On or about April 1, 2015, while an employee of non-party, C&A Iron Works, Inc., ASUNCION was injured in a work-related accident ("accident").

8. As a result of that accident, ASUNCION has commenced a personal injury action against 5520 and J&G, along with other defendants, which action is currently pending in the Supreme Court of the State of New York, Bronx County, under Index No. 27964/2016E ("Underlying Action").

**The United Specialty Policy**

9. UNITED SPECIALTY issued a Commercial Lines Policy to 5520, Policy

No. USA 4063140, effective August 30, 2014 through August 30, 2015, which was in full force and effect on April 1, 2015 ("the Policy") when the accident occurred. The Policy is herein incorporated by reference as if fully set forth.

    10.    The Policy contains the following terms and conditions:

COMMERCIAL GENERAL LIABILITY<br>CG 00 01 12 07

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** Definitions.

**SECTION I - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    1.    **Insuring Agreement**

            **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

3

    **(1)**    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

\* \* \*

**2.**    **Exclusions**

This insurance does not apply to:

\* \* \*

**d.**    **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

**e.**    **Employer's Liability**

"Bodily injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

    **(a)**    Employment by the insured; or

    **(b)**    Performing duties related to the conduct of the insured's business; or

**(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

* * *

**CBL 1901 0408**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTORS AMENDATORY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

* * *

**B.** It is agreed that the following changes are made to **SECTION V - DEFINITIONS**:

The following definitions are deleted and entirely replaced:

1. Item **5.** "Employee" is deleted in its entirety and replaced by the following:

   "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker."

* * *

3. Item **13.** "Occurrence" is deleted in its entirety and replaced with the following:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage"

arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

* * *

CBL 1919 1013

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION - INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to **Section I – Coverage, Coverage A – Bodily Injury and Property Damage Liability**, paragraph **2., Exclusions**:

This insurance does not apply to "bodily injury" or "property damage" arising out of:

**(1)**   The acts or omission of independent contractors while working on behalf of any insured, or

**(2)**   The negligent:

    **(a)**   hiring or contracting;
    **(b)**   investigation;
    **(c)**   supervision;
    **(d)**   training;
    **(e)**   retention;

of any independent contractor for whom any insured is or ever was legally responsible and whose acts or omissions would be excluded by **(1)** above.

This exclusion does not apply if the work was performed on your behalf by an independent contractor, pursuant to a written contract, and:

**(1)**   You had on file at the time the work commenced a valid certificate of insurance evidencing Commercial General Liability Coverage (occurrence form), for ongoing operations and "products completed operations hazards" for the work performed by the independent contractor and you can produce that certificate for us when we ask for it; and

**(2)**   That certificate of insurance was with an insurance company with an A.M. Best rating of A- or better at the time of certificate issuance; and

**(3)**   The limits on the certificate were equal to or greater than $1,000,000 Each Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-Completed Operations), and $1,000,000 Products-Completed Operations Aggregate Limit; and

**(4)**   You are named as an additional insured on the independent contractor's policy for both ongoing operations and "products-completed operations hazards".

For the purposes of this endorsement, independent contractor means any individual or entity including but not limited to a general contractor, a prime contractor or a subcontractor that is not an "employee", retained to perform services.

All other terms and conditions of this policy remain unchanged.

\* \* \*

**COMMERCIAL GENERAL LIABILITY CG 21 53 01 96**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED ONGOING OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Description of Designated Ongoing Operation(s):**

Scaffolding

**Specified Location (If Applicable):**

5520 13th Ave, Brooklyn, NY  11219

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.**, Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage:" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf of whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf.  If a specific "location" is designed in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

* * *

CGL 01170910

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – WORKERS COMPENSATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Section **I** – Coverages, Coverage A Bodily Injury and Property Damage Liability, paragraph **2.** Exclusions, item **d.** Workers' Compensation And Similar Laws is deleted in its entirety and replaced with the following:

**d.** **Workers Compensation and Similar Laws**

This insurance does not apply to any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any other similar law.

This exclusion also applies to any obligation of the insured under the workers' compensation statutes of any state arising out of the failure of the insured to exact from a contractor (or subcontractor if the insured is a contractor) a certificate from the workers' compensation board showing that the contractor (or subcontractor) has complied with the applicable workers' compensation insurance requirements.

All other terms and conditions of this policy remain unchanged.

\* \* \*

**CGL 1702 11/00**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion **e. Employer's Liability** is deleted in its entirety and replace with the following:

9

  e.  **Employer's Liability**

    "Bodily injury" to:

    **(1)** An "employee" of the named insured arising out of and in the course of:

      **(a)** Employment by the named insured; or

      **(b)** Performing duties related to the conduct of the named insured's business; or

    **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

    This exclusion applies:

    **(1)** Whether the named insured may be liable as an employers or in any other capacity; and

    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

**CGL 1710 0213**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Section **I** – Coverages, Coverage **A**, Bodily Injury and Property Damage Liability, paragraph **2.**, Exclusions:

This insurance does not apply to:

**Independent Contractors**

"Bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of "bodily injury".

All other terms and conditions of this policy remain unchanged.

\* \* \*

**CGL 1711 1112**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO SPECIFIED OPERATIONS, PREMISES, OR PROJECTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Operation(s):**<br>Owners interest in the premises while new construction is being completed by a licensed general contractor located at 5520 13th Avenue, Brooklyn, NY  11219 |
|---|

| **Premises:** |
|---|
| |
| **Project(s):** |
| |

A. The following new part is added to **Section I – Coverages, Coverage A. Bodily Injury and Property Damage Liability**, item **1. Insuring Agreement** subparagraph **b.**

**1. b.** This Insurance applies to "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" arises from one or more of the operations shown above; and

If also scheduled above

(b) The ownership, maintenance or use of the premises shown above and operations necessary or incidental to those premises; and/or

(c) The projects shown above.

\* \* \*

11. UNITED SPECIALITY was first notified of the accident through receipt of an Acord form on or about June 8, 2016, attaching a May 25, 2016, letter from ASUNCION'S counsel.

12. After conducting an investigation, UNITED SPECIALTY sent 5520 and the other Defendants a partial declination and disclaimer, which disclaimer is made a part of this action by reference.

13. When the Underlying Action was commenced against 5520, the complaint in that action did not allege, identify or describe ASUNCION's employment status.

14. Accordingly, UNITED SPECIALTY undertook the defense of 5520, and assigned defense counsel, Weiner, Millo, Morgan & Bonanno, LLC, while reaffirming its partial disclaimer and reserving its rights to commence a Declaratory Judgment Action and recoup defense costs incurred. That disclaimer letter is made a part of this action by reference.

15. Defendants, J&G and ASUNCION, have each interposed claims against 5520 in the Underlying Action and are included as Defendants so they will be bound by any decision reached herein.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "15" as if more fully set forth herein.

17. Upon information and belief, ASUNCION was an independent contractor or an employee of an independent contractor at the time of the accident and thus the claims and cross-claims asserted against 5520 are excluded by the policy provisions.

18. As a result, UNITED SPECIALTY has no obligation to defend or indemnify 5520 for the claims or cross-claims asserted in the Underlying Action.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANTS

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as if more fully set forth herein.

20. Upon information and belief, ASUNCION was an injured when engaged in scaffolding at 5520 13th Avenue in Brooklyn, New York, and as such, the claims and cross-claims asserted against 5520 are excluded by the policy provisions.

21. As a result, UNITED SPECIALTY has no obligation to defend or indemnify 5520 for the claims or cross-claims asserted in the Underlying Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANTS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as if more fully set forth herein.

23. Upon information and belief, ASUNCION was an employee of 5520 or performing duties related to the conduct of 5520's business and thus the claims and cross-claims asserted against 5520 are excluded by the policy provisions.

24. As a result, UNITED SPECIALTY has no obligation to defend or indemnify 5520 for the claims or cross-claims asserted in the Underlying Action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE DEFENDANTS

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as if more fully set forth herein.

26. Upon information and belief, ASUNCION was not engaged in the "owners interest in the premises while new construction was being completed by a licensed general contractor located at 5520 13th Avenue, Brooklyn, New York, and thus the claims and cross-claims asserted against 5520 are excluded by the policy provisions

27. As a result, UNITED SPECIALTY has no obligation to defend or indemnify 5520 for the claims or cross-claims asserted in the Underlying Action.

**WHEREFORE**, Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, prays for judgment of this Court against the defendant as follows:

1. A Declaration and Judgment that UNITED SPECIALTY has no duty to

defend or indemnify 5520 13TH AVE LLC for any claims or cross claims asserted against it arising out of the accident of April 1, 2015, involving RAFAEL ASUNCION;

2. A Declaration that defense counsel retained by UNITED SPECIALTY to defend 5520 13TH AVE LLC be and the same is permitted to withdraw as defense counsel for 5520 in the Underlying Action;

3. That UNITED SPECIALTY be permitted to recoup from 5520 13TH AVE LLC the costs and expenses incurred in defending 5520 13TH AVE LLC in the Underlying Action; and

4. Granting such other and further relief as this Court may deem just and proper.

DATED: Buffalo, New York
March 12, 2019

HURWITZ & FINE, P.C.

By _____
Dan D. Kohane, Esq. (1662386)
*Attorneys for Plaintiff,*
UNITED SPECIALTY INSURANCE COMPANY
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
ddk@hurwitzfine.com